IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT

| | | |
|---|---|---|
| THOMAS W. OLMSTEAD, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-07-493 |
| MONTROSE CROSSING PHASE II, LLC, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Thomas W. Olmstead and Carol M. Olmstead (collectively, "Plaintiffs") bring this action against Montrose Crossing Phase II, LLC ("Montrose Crossing") and Bryan Group, LLC ("Bryan Group") (collectively, Defendants). On April 13, 2007, Montrose Crossing filed a Motion to Dismiss [11]. On May 9, 2007, Bryan Group filed a Motion to Vacate [18]. Plaintiffs oppose both motions. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. On August 23, 2007, the Court held a telephonic hearing concerning the motions and heard from all the parties. The Court also reviewed additional authority cited by counsel during the telephonic conference. Having considered the arguments of Plaintiffs and Defendants, and for the reasons articulated at the hearing and briefly discussed below, the Court will GRANT Bryan Group's motion to vacate the order of default and GRANT Montrose Crossing's motion to dismiss and compel arbitration.

## DISCUSSION

*Defendant Bryan Group's Motion to Vacate Order of Default*

Federal Rule of Civil Procedure 60(b)(1) allows the court to vacate a final judgment if it

1

finds that the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." For the reasons articulated at the telephonic motions hearing, the Court finds excusable neglect and will GRANT Bryan Group's motion to vacate the Court's previous order of default.

***Defendant Montrose Crossing's Motion to Dismiss and Compel Arbitration***

The Federal Arbitration Act ("the Act"), 9 U.S.C. § 1 *et seq.*, enunciates a strong "federal policy favoring arbitration," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), requiring courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The Act provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1988).

Consequently, "the Act establishes that, as a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone Hosp.*, 460 U.S. at 24-25. It "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.*, 470 U.S. at 218; *see also Shearson/ American Express, Inc. v. McMahon*, 482 U.S. 220, 225-27 (1986); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991), *aff'g* 895 F.2d 195 (4th Cir. 1990) (holding that a district court's duty to enforce an arbitration agreement is not diminished when a party to such agreement asserts a statutory claim).

This Court's inquiry into the propriety of compelling the arbitration of a dispute is a limited one. *See Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). The Court must determine: (1) whether the parties have entered into a valid arbitration agreement, and (2) whether the dispute falls within the substantive scope of the arbitration agreement. *See* 9 U.S.C. § 4; *see also Moses H.*

*Cone Hosp.*, 460 U.S. at 22 (the Act calls for "an expeditious and summary hearing with only restricted inquiry into factual issues").

Here, there is no dispute as to whether the parties have entered into a valid arbitration agreement. Rather, Plaintiffs challenge whether the substantive scope of the arbitration agreement encompasses matters such as those asserted here. Consequently, Plaintiffs argue for a narrow reading of the arbitration agreement, claiming that the language in *Addendum #2 to Sales Agreement Dispute Resolution and Arbitration* ("*Addendum #2*"), limits the scope of the arbitration provision to contract claims related to the "design, construction, or warranty of the Unit." (Def.s' Ex. 1, *Addendum #2*, at 2); *see also Id.* at 1.[1] This Court's discretion to refuse to compel arbitration is limited. "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubt should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

Accordingly, the Court rejects the narrow reading of *Addendum #2* advanced by Plaintiffs and finds that the arbitration provision extends to all disputes arising out of *The Morgan Condominium II Sales Agreement* (the "Agreement") between the Olmsteads and Montrose Crossing. The Court believes that Plaintiffs' narrow interpretation of *Addendum #2* fails to take into consideration the arbitration agreement in its entirety. Instead, Plaintiffs extract a particular subsection from *Addendum #2*, which focuses solely on a related matter that is also covered in the arbitration agreement, pulling it out of context, thereby forcing an unreasonably narrow reading of

---

[1] "Purchaser shall mail or otherwise deliver written notice to Seller specifying the defect or defects that are the subject of its claim, including specific identification of those portions of the Unit that have manifested damage or otherwise indicate existence of a defect (the **"Claim Notice"**)." (Def.s' Ex. 1, *Addendum #2*, at 1).

3

the arbitration agreement.[2]  Therefore, for the reasons set for at the telephonic motions hearing, the Court will GRANT Montrose Crossing's motion to dismiss and compel arbitration.

## CONCLUSION

For all the reasons articulated here and set forth at the telephonic motions hearing, the Court will GRANT Bryan Group's motion to vacate and GRANT Montrose Crossing's motion to dismiss and compel arbitration and CLOSE the case.  An Order consistent with this Memorandum Opinion will follow.

Date:  August 29, 2007                                      /s/
                                                            Alexander Williams, Jr.
                                                            United States District Court Judge

---

[2]  "**Dispute Resolution**.  ANY UNRESOLVED DISPUTE OR DISAGREEMENT BETWEEN SELLER AND PURCHASER RELATING TO THE UNIT ***OR THIS AGREEMENT***, INCLUDING, WITHOUT LIMITATION, MATTERS PERTAINING TO THE CONSTRUCTION OF THE UNIT OR THE LIMITED WARRANTY FOR THE UNIT, SHALL BE SUBJECT TO THE DISPUTE RESOLUTION AND ARBITRATION PROCEDURES SET FORTH IN ADDENDUM #2 TO THIS AGREEMENT."  (Def.s' Ex. 1, *Agreement*, at ¶ 30) (emphasis added).

"Any unresolved dispute or disagreement between Seller and Purchaser relating to the Unit ***or the Agreement***, including, without limitation, matters pertaining to construction of the Unit or the Limited Warranty for the Unity, shall be subject to the following procedures:

1. **Claim Notice; Inspection**.  Every claim by Purchaser against Seller (including any of Seller's employees, agents or contractors) ***regarding the Agreement*** or the design, construction, or warranty of the Unit or other portion of the Condominium, shall be resolved pursuant to the requirements of this Addendum.  Should purchaser fail to follow the procedures set forth in Sections 1 and 2 of this Addendum, Seller may demand binding arbitration pursuant to Section 3.  Should Seller fail to follow the procedures set forth in Sections 1 and 2 of this Addendum, either Seller or Purchaser may demand binding arbitration pursuant to Section 3."  (Def.s' Ex. 1, *Addendum #2*, at 1) (emphasis added).

"**3. Arbitration**.

(a) Every claim by Purchaser against Seller (including any of Seller's employees, agents or contractors) ***regarding the Agreement*** or the design, construction or warranty of the Unit or other portion of the Condominium which has not been resolved to pursuant to Sections 1 and 2 above shall be submitted to binding arbitration in accordance with this Section 3, unless the parties to such dispute agree otherwise."  (Def.s's Ex. 1, *Addendum #2*, at 2) (emphasis added).